**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 24-1501**

───────────────

WALTHER ALEXY ARRIAZA-RAMIREZ, a/k/a Walter Alexy Arriaza-Ramirez,

            Petitioner,

    v.

PAMELA JO BONDI, Attorney General,

            Respondent.

───────────────

On Petition for Review of an Order of the Board of Immigration Appeals.

───────────────

Submitted: April 10, 2025                                    Decided: April 14, 2025

───────────────

Before WILKINSON and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

───────────────

Petition denied by unpublished per curiam opinion.

───────────────

**ON BRIEF:** Jonathan Westreich, Alexandria, Virginia; Michael E. K. Mpras, MPRAS LAW OFFICES, Annandale, Virginia, for Petitioner. Brian M. Boynton, Principal Deputy Assistant Attorney General, Craig A. Newell, Jr., Senior Litigation Counsel, Christopher G. Gieger, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Walther Alexy Arriaza-Ramirez, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals dismissing his appeal from the immigration judge's oral decision denying Arriaza-Ramirez's applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We deny the petition for review.

We have reviewed the administrative record, including the transcript of the merits hearing and all supporting evidence, and considered the arguments raised on appeal in conjunction with the record and the relevant authorities. We conclude that the record evidence does not compel a ruling contrary to any of the agency's factual findings, *see* 8 U.S.C. § 1252(b)(4)(B), and that substantial evidence supports the immigration judge's dispositive ruling, affirmed by the Board, that Arriaza-Ramirez failed to establish the requisite nexus between the claimed protected grounds and the asserted past persecution or the feared future persecution, *see Cedillos-Cedillos v. Barr*, 962 F.3d 817, 824-26 (4th Cir. 2020) (explaining that, in conducting substantial evidence review of the agency's nexus determination, this court "is limited to considering whether their conclusion is supported by reasonable, substantial, and probative evidence" (internal quotation marks omitted)). Specifically, Arriaza-Ramirez clearly and unequivocally testified that unidentified members of the MS-13 street gang approached him, demanding that he join the gang, and assaulted and threatened Arriaza-Ramirez after he refused to acquiesce to their demands. We have repeatedly rejected proposed social groups that are predominately rooted in the group members' opposition to gang recruitment or demands, *see Zelaya v. Holder*, 668

2

F.3d 159, 166-67 (4th Cir. 2012) (holding that resisting gang recruitment does not satisfy the requirements for a protectable social group), and nothing in Arriaza-Ramirez's testimony linked the gang's desire to recruit Arriaza-Ramirez to his family or his religious beliefs, *see Toledo-Vasquez v. Garland*, 27 F.4th 281, 287-91 (4th Cir. 2022) (reiterating "that the nexus requirement is primarily about the persecutor's reasons for targeting an individual").

Arriaza-Ramirez contends that the agency erred in failing to consider two other protected grounds, to wit: that he (and his family) resisted MS-13 because they are Christians, suggesting that his particular social group was "his nuclear family opposed to gang membership based on religious belief" and that MS-13 targeted him for "an imputed religiously based anti-gang political opinion." (Pet'r's Br. at 15). But the record confirms that Arriaza-Ramirez did not raise these particular protected grounds before the immigration court or on appeal to the Board. As such, we agree with the Attorney General that this argument is not administratively exhausted, *see* 8 U.S.C. § 1252(d)(1), and, thus, not properly before us for review, *see Tepas v. Garland*, 73 F.4th 208, 213 (4th Cir. 2023) (observing that, although "§ 1252(d)(1) is not jurisdictional," it "remains a mandatory claim-processing rule"). Finally, as to the denial of Arriaza-Ramirez's application for CAT relief, we have reviewed the record and conclude that the evidence does not compel a ruling contrary to the relevant administrative factual findings, *see* 8 U.S.C. § 1252(b)(4)(B), and that substantial evidence supports the denial of relief, *see Nasrallah v. Barr*, 590 U.S. 573, 584 (2020).

3

Accordingly, we deny the petition for review. *See In re Arriaza-Ramirez* (B.I.A. May 6, 2024). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*